OPINION OF THE COURT
Emily Pines, J.
Ordered that the branch of defendant’s motion seeking to dismiss pursuant to GPL 170.30 and 170.35 is granted for the reasons set forth below. The remainder of the motion is denied as academic.
Defendant herein, Joseph J. Grucci, has been charged with violating Environmental Conservation Law § 13-0311 (7). That statutory subdivision states that, “No person shall take shell *585 fish in any quantity during the time that such person’s digger’s permit privileges have been revoked or suspended.” The factual portion of the accusatory instrument filed in this matter alleges violation of that subdivision:
“to wit: a/o observed above defendant working in a joint effort to commercially harvest razor clams with 2 other permitted diggers aboard a vessel bearing ny reg 3391pg. The defendant was approximately 1/4 mile w/o Moriches Inlet in Moriches Bay and was culling the razor clams aboard the vessel while the other subjects were digging the clams, a/o observed 10 bushels of razor clams aboard the vessel, a/o checked with Marine Permits and verified that he was revoked, a/o issued boat # 1254024 for digging while revoked.”
The parties are in agreement that the site where the defendant was observed lies within the Town of Brookhaven, and that clams comprised the takings of the defendant. It is, however, the defendant’s contention and this Court’s opinion that these circumstances demonstrate that no state permit was required for that taking.
The Environmental Conservation Law states that, “The State of New York owns all fish, game, wildlife, shellfish, Crustacea and protected insects in the state, except those legally acquired and held in private ownership. Any person who kills, takes or possesses such fish, game, wildlife, shellfish, Crustacea or protected insects thereby consents that title thereto shall remain in the state for the purpose of regulating and controlling their use and disposition.” (ECL 11-0105 [emphasis added].) The People contend that the subject clams fall within the state’s protective ambit, as described by this statutory section.
However, “The right of towns to regulate the cultivation and taking of shellfish * * * has historically been based upon proprietary criteria (see Bevelander v Town of Islip, 17 Misc 2d 819).” (Sloup v Town of Islip, 78 Misc 2d 366, 368; see also Town Law § 130.) The People have declined to address defendant’s assertion that title to all underwater lands within the Town of Brookhaven was granted and conferred upon the Town by the Andros and Dongan patents. Rather, they state that “such ownership does not supersede the State’s right to regulate the taking, possessing, and marketing of marine fish.” In support of this proposition, the People cite two decisions captioned People v Petar Cade (Sup Ct, Suffolk County, Nos. 1643-97, 804-97), both of which pertain to striped bass.
*586 “[T]he question remains whether the right to take shellfish placed by nature in privately owned land is vested in the public as part of the common right of fishery or is, reserved to the owner of the underlying land.” (People v Johnson, 7 Misc 2d 385, 389.) “While the public character of the waters is not affected by the ownership of the underlying land, neither does privately owned land lose its character by the inflow of navigable waters, except to the extent that private rights must yield to dominant rights of the public. The source of the public rights is the navigable water, and the underlying land is open to those activities of the public that are closely connected with the water.” (Johnson at 389.) “But when an activity is more closely identified with the underlying land, when it entails some physical disturbance of that land not directly connected with the enjoyment of the waters, the character of the activity as private or public should be determined by the ownership of the lands. We think, therefore, that in the case of clamming, because of the relative lack of mobility of the shellfish, their way of living in the land, and the ability of a landowner to retain more than nominal control over them, the activity is more closely related to ownership of the underlying land than to utilization of the public waters.” (Johnson at 390 [emphasis added].) It has been said that: “Clams ordinarily live in the soil under the waters, and not within the waters. It is true they derive a part of their sustenance from the sea during the times the waters overspread the lands; but at other times they live, not merely upon, but actually within the land. They, therefore, in a very material sense, belong with the land. When taken they must be wrenched from their beds, made well down in the soil itself. It must follow therefore that, if the state has authority to [invest] one with the private ownership of the tide lands, such investiture must carry with it the right to exercise dominion and ownership over what is upon the land, and especially over things so closely related to the soil as clams.” (Johnson at 390, citing Sequim Bay Canning Co. v Bugge, 49 Wash 127, 131, 94 P 922, 923 [1908].)
In contrast, “Fish running at large * * * [are] ferae naturae, and while in their natural element unconfined, are the public property of all the people of the State in common, and no person can acquire property therein, divested of the rights of others, excepting by taking and reducing them to actual possession.” (State of New York v Trustees of Freeholders & Commonalty, 99 AD2d 804, 805, citing Matter of Fishway in Town of Deposit, 131 App Div 403, 410.) These are the type of fish contemplated *587 by the Cacic decisions upon which the People rely. In regard to clams, “It is enough that there is a plain distinction between such creatures and game birds or freely moving fish, that may shift to another jurisdiction without regard to the will of landowne[r] or State. Such birds and fishes are not even in the possession of man [citations omitted].” (Johnson, supra, at 391.) “On the other hand it seems not unreasonable to say that [shellfish] having a practically fixed habitat and little ability to move are as truly in the possession of the owner of the land in which they are sunk as would be a prehistoric boat discovered under ground or unknown property at the bottom of a canal.” (Ibid.)
Accordingly, the Court finds that the clams at issue were legally held in private ownership by the Town of Brookhaven. As such, they Eire exempted from the realm of regulation and control by the State of New York, pursuant to ECL 11-0105. Therefore, no digger’s permit could be required of the defendant by the State because the subject clams were undisputedly taken from the underwater lands of the Town of Brookhaven. Consequently, the People have failed to allege facts that, if proven true, would establish each and every element of ECL 13-0311 (7), and the accusatory instrument is dismissed as insufficient pursuant to CPL 170.30 and 170.35.